UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8063-GHK (VBKx) | Date | December 22, 2008 |
|---|---|---|---|
| Title | *Billy C. Hart v. The Hertz Corp.* | | |

| Presiding: The Honorable | GEORGE H. KING, U.S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

(none)     (none)

**Proceedings:**     **(In Chambers) Order Remanding Action**

On November 3, 2008, Plaintiff Billy Hart, ("Plaintiff") filed the above-captioned Complaint in California state court. On December 8, 2008, Defendant The Hertz Corporation ("Defendant") filed a Notice of Removal in this Court. Although normally we would give Defendant the opportunity to show cause regarding subject matter jurisdiction, in Defendant's Notice of Removal Defendant has already fully aired its position regarding jurisdiction. As the parties are familiar with the facts in this case, they will be repeated only as necessary. Accordingly, we rule as follows:

**I.     Defendant's Citizenship**

For purposes of assessing diversity, a corporation has dual citizenship. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). There are two rules used to establish a corporation's principal place of business. "First, the 'place of operations test' locates a corporation's principal place of business in the state which contains a substantial predominance of corporate operations. Second, the 'nerve center test' locates a corporation's principal place of business in the state where the majority of its executive and administrative functions are performed." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 500 (9th Cir. 2001) (internal citations and some quotation marks omitted). However, the nerve center test is only used "when no state contains a substantial predominance of the corporation's business activities." *Id.* (emphasis omitted). Thus, following the Ninth Circuit rule, we apply the place of operations test unless the party seeking to establish jurisdiction shows that the activities of a corporate party do not substantially predominate in any one state.

In applying the operations test, we determine a corporation's principal place of business by examining an entity's entire activities. *See Indus. Tectonics, Inc. v. Aero Alloy,* 912 F.2d 1090, 1094 (9th Cir. 1990). We consider a corporation a citizen of the state where it "conducts the most activity that is visible and impacts the public" and where there is the "greatest potential for litigation." *Id.* When a corporation conducts business in more than one state, we regard as its principal place of business that state which "contains a substantial predominance of the corporation's business activities." *Id.* at 1092.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8063-GHK (VBKx) | Date | December 22, 2008 |
|---|---|---|---|
| Title | *Billy C. Hart v. The Hertz Corp.* | | |

Important factors in making this determination are the locations where income is earned, purchases are made, and sales take place, as well as the location of employees, tangible property, and production activities. *Id.* at 1094. "Substantial predominance" does not require that the *majority* of a corporation's business take place in one state, only that the amount of a corporation's business activity in one state be significantly larger than that in any other state in which the corporation conducts business. *Tosco Corp.*, 236 F.3d at 500. The relevant comparison, then, is between the amount of business activity in the state at issue and the amount conducted in other states, not between the amount of activity conducted in the state at issue and the corporation's total activity. In other words, the issue is not the percentage of a corporation's activity conducted in a given state, taken alone, but that percentage in comparison to the percentage of activity the corporation conducts in other states.

According to the Complaint, Defendant is incorporated in Delaware. In the Notice of Removal Defendant states that its business does not substantially predominate in any one state under the place of operations test. However, Defendant states that it has more employees in California (2,343 compared to Florida, the next highest, at 1603), has the most locations in California (332 compared to Florida, the next highest, at 197), the most vehicles rented (3.85 million compared to Florida, the next highest, at 2.271 million) and the most revenue in California, ($861 million, compared to Florida, the next highest, at $530 million). Comparatively, California has approximately 46% more employees, 68% more locations, 69% more vehicles rented, and 62% more revenue than Florida, the second highest state. Therefore, we conclude that, under the place of operations test, Defendant is a California citizen for purposes of citizenship under CAFA.

**II.     CAFA Jurisdiction**

In order to remove an action based on diversity jurisdiction under CAFA there need only be minimal diversity between the parties, *i.e.*, any class member is a citizen of a state different from any defendant, and the amount in controversy must exceed $5,000,000. *See* 28 U.S.C. § 1332(d)(2). Here, Plaintiff and all purported class members are citizens of California, and Defendant is a citizen of California. Accordingly, there is no "minimal diversity" under CAFA, and we lack jurisdiction to hear this case.

**III.    Order**

For the foregoing reasons, this action is hereby **REMANDED** to the state court from whence it was removed.

**IT IS SO ORDERED.**

                                                                                     _____ : _____

                                                    Initials of Deputy Clerk     AB for Bea